**STATE ex BARTLETT v THATCHER et**

Ohio Appeals, 2nd Dist, Franklin Co

No 3284. Decided Dec 28, 1940

·Ralph J. Bartlett, Prosecuting Attorney, Columbus, and Francis M. Thompson, Columbus, for plaintiff.

Wm. C. Bryant, Asst. Pros. Atty., Columbus, for defendant, Newton A. Thatcher, Aud., Columbus.

George S. Marshall, Columbus, for Cols. Metropolitan Housing Authority.

Squire, Sanders & Dempsey, Cleveland, associate counsel.

## OPINION

By BARNES, J.

The above entitled cause is now being determined as an original action wherein plaintiff-relator prays for a mandatory order to issue against Thatcher, Auditor, to restore property to the taxable lists on the tax duplicate of Franklin County and include therein such new improvements as have been erected thereon, at their true value in money.

The real estate described in the petition is included in what is popularly known and referred to as Poindexter Village. The premises are owned and controlled by the Columbus Metropolitan Housing Authority, the latter entity being organized and existing under and by virtue of provisions of the State Housing Law (§1078-1 to 1078-16 GC, inclusive). Sec. 1078-36 of the above act reads as follows:

"Section 1078-36. (PROPERTY OF HOUSING AUTHORITY DEEMED PUBLIC PROPERTY; INSPECTION.) All property, both real and personal, acquired, owned, leased, rented or operated by the housing authority shall be deemed public property for public use, and all accounting and other transactions of the authority shall be subject to the inspection and approval of the bureau of inspection and supervision of public offices of the State of Ohio, which shall transmit its report to the state board of housing."

The county auditor, acting under and by authority of the State Housing Law, and particularly the above quoted section, removed the parcels of land contained within Poindexter Village from the list of taxable property in said Franklin County and placed the same upon the list of exempt property on said duplicate. It is the claim of the plaintiff that the above quoted §1078-36- GC, is unconstitutional, as being contrary to and in conflict with §2, Art. XII of the Constitution of Ohio which, among other things, provides as follows:

"* * * Land and improvements thereon shall be taxed by uniform rule according to value * * *, general laws may be passed to exempt * * * public property used exclusively for any public purpose."

Section 5351 reads as follows:

"Section 5351. PUBLIC PROPERTY. Real or personal property belonging exclusively to the state or United States, and public property used for a public purpose shall be exempt from taxation."

The plaintiff's petition in connection with defendant's answers squarely rai-

ses the question as to whether or not the tracts of land embraced within Poindexter Village are public property used exclusively for public use.

The factual questions are presented under an agreed statement of facts.

Very able and comprehensive briefs are presented by counsel representing the respective parties. Among the briefs we also find a brief amici curiae on behalf of counsel for nine housing authorities in other districts or cities within the state. The briefs disclose exhaustive research and persuasive analytical reasoning.

Very rarely, indeed, do we have a case where such exhaustive research is presented. We feel that the field has been exhausted, and nothing can be gained by any independent research.

The mere fact that the Legislature, under §1078-36 GC, designates property acquired and possessed under the authority of the State Housing Law public property for public use does not foreclose the right of inquiry as to whether or not Poindexter Village is in fact public property and acquired for public use.

In order to determine these vital issues it is necessary to examine the entire act. The Supreme Court of Ohio in the case of **State ex City Solicitor v Sherrell, City Manager**, has, in our judgment, by analogy at least, answered the question that property acquired under the State Housing Law is public property.

This decision was by a divided court, the division being four and three. Under our independent reasoning we would follow the minority decision, but under the rule of stare decisis we are bound to follow the majority rule.

In the Sherrell case, decided by the Supreme Court, the City Manager by answer raised the constitutionality of

the law under some six or seven defenses. All of the defenses raising the constitutional question were overruled.

We do not understand the plaintiff in the instant case is seriously contesting the proposition that the property included in Poindexter Village is public property. The gravamen of his contention is that the property is being rented for private use and by reason of that fact is not used exclusively for public use. In our judgment this question was necessarily raised in the Sherrell case, wherein was urged the unconstitutionality of the act.

The use to which the property is to be put is an integral part of the act and so connected with the right of acquiring the property that a declaration of the constitutionality of the act carries with it the use to which the property is to be put.

The stipulation or agreed statement of facts sets out that in the rental of the several units in Poindexter Village the provisions of the act have been complied with.

When this is admitted nothing remains. We quite agree that where the public use is diverted to a private use the premises would lose their right of exemption from taxation. Counsel for plaintiff urge very persuasively that the renting of the various units to individuals for private use as a home is not a public use, but, as heretofore stated, this was necessarily the question that was before the Supreme Court in the Sherrell case. Our reasoning on this question may be further amplified as follows: The right to bring into existence a public entity with a right to acquire property if nothing further was said in the act would be unconstitutional. It is necessary to go further and ascertain or know the purpose for which property is being acquired and if acquired for a public purpose, the legislative enactment would be constitutional; whereas, if acquired for a private purpose, it would be unconstitutional. But for the decision of the Supreme Court in the Sherrell case we

would hold with the plaintiff. If we are wrong in our understanding of the scope and effect of the Supreme Court decision, that court will so inform us if this case perchance should be appealed.

The prior plaintiff's petition will be denied and cause dismissed.

Entry may be drawn accordingly.

HORNBECK, PJ., concurs in judgment. GEIGER, J., concurs.

## APPLICATION FOR REHEARING

No. 3284. Decided Jan 16, 1941

BY THE COURT:
The above entitled cause is now being determined on plaintiff's application for rehearing.

Plaintiff's application is merely a restatement of proposition advanced in the original presentation.

We find nothing therein which was not considered before releasing our original opinion. The application will be denied.

HORNBECK, PJ., GEIGER & BARNES, JJ., concur.