**COLUMBUS (City) v COLUMBUS METROPOLITAN HOUSING AUTHORITY et**

Ohio Appeals, 2nd Dist, Franklin Co

No 3272. Decided June 30, 1941

John L. Davies, City Attorney, Columbus; Charles R. Petree, Asst. City Atty., Columbus; Wilson & Rector, Columbus; Kenneth B. Johnston, Columbus; Thomas J. Potts and Willard M. Ewing, McDonald, for plaintiff-appellant

George S. Marshall, Columbus; Wm. Harvey Jones, Columbus, and E. W. McCormick, Columbus, for defendants-appellees.

## OPINION

### By GEIGER, PJ.

This matter is before this Court on appeal on questions of law and fact from a decision of the Common Pleas Court entered on the 12th day of June, 1940.

The amended petition recites that the City brings the action through its City Attorney upon request made by one Thomas J. Potts, a taxpayer, which action is sanctioned by §71 of the charter of the City.

It alleges that the defendant, The Columbus Metropolitan Housing Authority, is a body corporate and politic, existing under the laws of Ohio.

Eleven causes of action are set up in the petition and further causes in the amendments thereto, aggregating 17 in all.

The plaintiff's petition, following the last cause of action, alleges that unless a restraining order is granted before the construction is begun, buildings will be constructed without proper permits, valuable services will be performed by the city without compensation and taxpayers might be estopped from bringing action to prevent further misapplication of city property; that unless a restraining order is granted the taxpayers of the city will suffer irreparable injury.

The petitioner prays that a temporary restraining order may be granted and that upon consideration by the court such injunction be made permanent; that the ordinance and contract made thereunder be declared void and a nullity; and for such other and further relief as the plaintiff may be entitled to in law and equity.

The court below carefully examined the various allegations of the second amended petition and the amendment thereto stating seriatim the various causes of action as herein set forth. The Court also reviews the evidence as the same was presented in the court below. He disposes of the legal propositions made in the various causes of action in the following language,

"In our opinion the legal propositions presented by the causes of action of the plaintiff have been answered by the ruling of the Supreme Court of Ohio upon demurrer in the case of **State ev Ellis v C. O. Sherrill**, reported in **136 Oh St 328.**"

The court below seems to have had access to more of the record in the Sherrill case than appears in the reported opinion, setting out in some detail 7 defenses asserted by Sherrill and the court states that in its opinion the ruling of the Supreme Court in that case disposes of the legal questions and that the cooperative contract entered into between the Housing Authorities and the City of Columbus in all respects conforms to the power and authority granted by the Housing Act and that the steps **thus far taken** are not violative of any constitutional provision. The court then takes up in some detail the factual questions presented as disclosed by the evidence taken in that court and by agreement submitted to this court.

The final entry in the court below, under date of June 12, 1940, is to the effect that the court finds on the issues for the defendants and it is ordered that the petition be dismissed and "that the restraining order heretofore granted herein be and the same is hereby dissolved."

No restraining order was asked for or allowed by this court and the construction of the various projects has gone forward in an orderly manner until the projects are far advanced beyond what they were at the time the action was brought. It is too late to seek to enjoin the finishing of the projects, especially as the Sherrill case disposes of all constitutional objections, and the Court below held that the allegations as to other claimed defects had not been sustained by evidence.

. This court has had this case under advisement for some time and has deferred judgment in the hope that it would be advised by the Supreme Court upon the questions involved which would enable it to more intelligently interpret the contract between the parties. We have received some further enlightenment in the case of **State ex Bartlett v Thatcher, 138 Oh St 235**, announced May 12, 1941, and in the case, **In Re Complaint of Taxpayers, 138 Oh St 287**, 3rd syllabus.

. The first above cited case was decided by this court December 28, 1940, **33 Abs 370**. This court, through Barnes, J., examined the Sherrill case and stated, ·

"This decision was by a divided court, the division being 4 to 3. Under our independent reasoning we would follow the minority decision but under the rule of stare decisis we are bound to follow the majority rule. But for the decision of the Supreme Court in the Sherrill case. we would hold for the plaintiff. If we are wrong in our understanding of the scope and effect of the Supreme Court decision, that court will so inform us if this case, perchance, should be appealed."

It was appealed and the decision of this court was reversed, not on any modification of the court's decision in the Sherrill case but on account of the failure of the Board of Tax Appeals to exercise its authority provided by law to the consenting of exemption of property from taxation and revising the list of exempted property in any county under the provisions of §1464-1 GC, and the court further points to the provisions of §5570-1 GC, which provides that the county auditor shall make a list of exempted property which is exempted from taxation under certain sections therein enumerated (which enumerated statutes do not include §1078-36 hereafter alluded to.) The proposition upon which the Supreme Court based its reversal was not mentioned in this court by counsel for any of the parties.

Sec. 5570-1, as pointed out by the Supreme Court, provides that the Tax Commission shall revise the list so that no property is improperly or illegally exempted from taxation and that the county auditor shall follow the orders of the Tax Commission.

The Supreme Court in the Thatcher case also alludes to the cases of **State ex rel v Guckenberger, Auditor, 133 Oh St 27** and the case similarly titled at **133 Oh St 373**, in which the court held that under the provisions of the section in question the Tax Commission has exclusive authority to declare property exempt. . . .

Other pertinent provisions of the Constitution and the Statutes are **Art. XII, §2**, which provides,

. "General laws may be passed to exempt. * * * public property used exclusively for any public purpose."

· . Sec. 1078-36, under the title of "State Housing Law" provides that all property, both real and personal, acquired, owned, leased, rented or operated by the Housing Authorities shall be deemed **public property for public use.** There is no statement in this section that the same shall be exempt from taxation but under the declaration of the stat-

ute that such property "shall be deemed public property" it would fall within the provisions of **Art. XII, §2,** so far as taxation is concerned exempting "public property used exclusively for any public purpose."

The court in the Thatcher case, after quoting the provisions of the Constitution, states,

"It will be seen that this section of the Constitution is not self-executing, under the authority thereby conferred by the legislature passing **§1464-1** defining the powers of the Board of Tax Appeals", etc.

The provisions of the contract between The Columbus Metropolitan Housing Authority and the City of Columbus against which the heaviest attack is made by the plaintiff is Section XII in which the city agrees that during the period commencing with the date of the acquisition of any part of the site for any project and continuing throughout the useful life of such project, it will furnish without cost or charge to the authority or the tenants thereof municipal services and facilities for such project and the tenants thereof of the same character as those furnished without a service charge for other dwellings and inhabitants in the city, etc.

Counsel seems to treat this provision of the contract as one by which the city agrees to furnish these services without charge, but it is only obligated under this section of the contract to furnish those services to the Authority and its tenants without cost or charge, of the same character as those furnished without charge to other dwellings and inhabitants of the city. In other words, the clause seems to be simply an agreement upon the part of the city that it will furnish to the Authority and its tenants without cost or charge the same services that it furnishes to other dwellings and citizens without cost or charge. It does not seem to us that that provision can be the basis for a claim that the Authority and its tenants would receive some-

thing from the city for nothing when the other citizens must pay for it. The preferential position of the Authority and the tenants must be found under other provisions of the statute such as **§1078-36.** If means are open to secure taxes from these properties the city has no complaint, so far as the future cost of servicing the property of the Authority or its tenants.

It is urged that this provision will impose, during the entire course of the useful life of the project, estimated to be at least 70 years, burdens upon the city for which the city can not be compensated because nowhere in said contract is there any contract for payment. The allegation of the petition is that said property is tax exempt and inasmuch as it pays no taxes the city is not compensated for the furnishing of the services "unless a special charge is made therefore," which is forbidden by the contract. It is claimed this constitutes a misappropriation of public property and causes irreparable injury.

We frankly state that if we were at liberty to do so, we would hold that the provisions of **§1078-36,** wherein it is provided that such property shall be deemed public property for public use is, if not unconstitutional, at least not effective to free the property from taxation, for very much the same reasons in principle as recited in the case of **In Re Complaint of Taxpayers, 138 Oh St 287,** supra. That case also in Syllabus 3 adopts and follows the ruling in the Thatcher case to the effect that it is the duty of the Board of Tax Appeals to see that no property is improperly or illegally exempted from taxation.

Whatever may be our views upon the matter, we are confronted with the holding of the court in the Sherrill case wherein practically all the objections now marshalled against the provisions of this act were definitely before the court and were, in that case, held not to make the act unconstitutional. We feel, however, that the Supreme Court definitely pointed the way in the Thatcher case to avoid the holding of the Sherrill case. It does not appear in

the case at bar that the Board of Tax Appeals has made any provision for the exemption of this property from general taxation.

We have confined our attention to the Sherrill and Thatcher cases (in both courts) and the case In Re Complaint of Taxpayers. Practically all of the causes of action here have been directly or inferentially effectually disposed of by the Sherrill case and to review and examine the cases attacking the contract on any other ground than that there must be a prior action upon the part of the Board of Tax Appeals before they could be exempt from general taxes would be a waste of time. Very many excellent cases are cited and presented skillfully but they fall before the authority of the Sherrill case except so far as that case is dominated by the Thatcher case.

Having determined that the only relief that the plaintiff can secure is through the channel pointed out in the Thatcher case, the question remains as to whether or not this court, sitting as a court of equity, may grant that relief when it is not definitely sought and when the rights of the plaintiff as presented are based on entirely different allegations.

One member of the court is of the opinion that affirmative relief may be granted as was done under the authority of State ex Bartlett v Thatcher. In that case the court points out the authority and obligation of the Board of Tax Appeals to first declare property exempt from taxation before it can be put upon the exemption rolls. The Thatcher case in its hearing below made no mention of such duty of the taxing board nor was that duty alluded to in any of the pleadings, yet the Court decided the case because the taxing board had not exercised its power, and the judgment was based upon the fact that the Board had not acted. If that be correct it might be urged that this Court in the exercise of its equity jurisdiction has power to decree that the property of the Authority and its tenants could not be exempt

from taxation until the Board of Tax Appeals so declares.

However, the majority of the Court believes that the situation does not support any affirmative action in favor of the plaintiff.

The minority member concurs with the majority and we jointly arrive at the conclusion that we deny the prayer of the petition.

While we grant no affirmative relief we again refer to the Thatcher case as to the necessity of the action of the Board of Tax Appeals before the real estate of the defendant be relieved from taxation.

HORNBECK and BARNES, JJ., concur.